TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone: (424) 330-8580
(424) 425-7486
Facsimile: (315) 512-1465

*Attorneys for Plaintiffs* OAKLYFE LLC, a California limited liability company; COMMUNITY HEALTH SOLUTIONS INC., a California corporation; ECWC PARTNERS INC., a California corporation; BRYANT WELLNESS PARTNERS INC., a California corporation; and NUG INC., a Nevada corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

OAKLYFE LLC, a California limited liability company; COMMUNITY HEALTH SOLUTIONS INC., a California corporation; ECWC PARTNERS INC., a California corporation; BRYANT WELLNESS PARTNERS INC., a California corporation; and NUG INC., a Nevada corporation,

Plaintiffs,

v.

BOTTOM LINE CONCEPTS, LLC, a New York limited liability company; DOES 1 through 10, inclusive;

Defendant.

CASE NO. 4:26-cv-12141

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**

1. **FRAUD**
2. **UNFAIR BUSINESS PRACTICES: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.**
3. **DECLARATORY RELIEF**
4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 22250 ET SEQ.**

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Plaintiffs Oaklyfe LLC, a California limited liability company; Community Health Solutions Inc., a California corporation; ECWC Partners Inc., a California corporation; Bryant Wellness Partners Inc., a California corporation; and NUG Inc., a California corporation complain and allege against Defendant Bottom Line Concepts, LLC ("BLC") as follows:

**NATURE OF THIS ACTION**

1. Plaintiffs seek injunctive relief and monetary damages for BLC's illegal and void tax refund scheme, under which BLC, without proper licensure or registration, prepared, assisted with and filed tax returns and related documentation on behalf of Plaintiffs in exchange for a percentage of the tax refunds received by Plaintiffs.

2. BLC lacks proper licensure or certification to prepare, assist with, or file any tax return documentation. Absent such proper licensure and certifications, BLC is prohibited from preparing or assisting with the preparation of tax return documentation and is not entitled to collect a fee from the Plaintiffs in exchange for its assistance in preparing tax returns and, further, must disgorge any and all fees it has collected to-date because such payments were made pursuant to an illegal and void scheme.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in the Northern District pursuant to 28 U.S.C. § 1332(a), as this case involves an amount at issue greater than seventy-five thousand dollars ($75,000) and complete diversity exists between the parties. Plaintiffs allege that the amount in controversy in the present action is in excess of the $75,000 jurisdictional minimum of this court because Defendant has already collected at least $227,663.82 from Plaintiff. Additionally, the action is between the Plaintiffs, all of whom are California citizens for diversity purposes, and the Defendant, which targeted and contracted with the Plaintiffs within California, so there is complete diversity as required under 28 U.S.C. § 1332(a)(2).

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(c)(2), as Plaintiff reside and/or do business within the jurisdiction

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

of this court. Further, maintenance of this action does not offend traditional notions of fair play and substantial justice.

**PARTIES**

5. Bottom Line Concepts LLC is a New York limited liability company, and claims to operate throughout the United States, including in California. BLC further claims it has local representation in most major cities.

6. Plaintiff Oaklyfe LLC is a California limited liability company, doing business in Oakland, California, and is headquartered in Oakland, California.

7. Community Health Solutions Inc. is a California corporation, doing business in Sacramento, California, and is headquartered in Alameda, California.

8. ECWC Partners Inc. is a California corporation, doing business in El Cerrito, California, and is headquartered in Alameda, California.

9. Bryant Wellness Partners Inc. is a California corporation, doing business in El Cerrito, California, and is headquartered in Alameda, California.

10. NUG Inc. is a Nevada corporation doing business in Oakland, California, and is headquartered in Alameda, California.

**FACTS GIVING RISE TO THIS ACTION**

11. On or about January 25, 2022, BLC and Plaintiffs entered into an agreement dated January 25, 2022, pursuant to which, among other things, BLC agreed to provide certain tax preparation services in furtherance of helping the Plaintiffs obtain Employee Retention Credits (the "Agreement").

12. Specifically, BLC prepared tax forms for filing with the IRS that would enable the Plaintiffs to earn tax credits for keeping employees on payroll. The tax form in question is 941-X: Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, and BLC prepared such form for each and every Plaintiff.

13. Plaintiffs are all California residents. BLC marketed its services to California entities to assist with California-specific aid specifically the retention of California employees within the State of California.

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

14. The Agreement provides that Maryland law governs and that any action arising out of the Agreement may be brought in Maryland, but Maryland lacks any, much less a substantial, relationship to the parties or the transaction, and there is no other reasonable basis for the parties' choice of law. Further, applying Maryland law to a California transaction would be contrary to the fundamental policy of California. California has a fundamental public policy to ensure its laws protect California entities and transactions in which California is materially interested. Maryland has no such interest here because the transaction at issue occurred in California, and Maryland has no such interest because the transactions are of California taxpayers. Thus, the permissive forum selection and choice of law provisions selecting Maryland as a forum and applicable law may not be enforced.

15. BLC prepared tax documents for all Plaintiffs and filed such tax documents, without first obtaining mandatory licenses and registrations from both the Internal Revenue Service and from the State of California. BLC has none of the mandatory licenses or registrations necessary to allow it to prepare and file tax return documentation.

16. BLC collected commissions from Plaintiffs, and claims entitlement to further commissions.

17. BLC's actions are illegal and void as a matter of law.

18. California law requires anyone who, for a fee or for other consideration, assists with or prepares tax returns for another person or who assumes final responsibility for completed work on a return and is not an exempt preparer (exempt preparers include Certified Public Accountants, Enrolled Agents, Attorneys, and certain Banking and Trust Officials) to register as a tax preparer with the California Tax Education Council (CTEC), and maintain a bond. The California State Legislature created the CTEC to promote competent tax preparation within the state. These requirements are codified within the California Business and Professions Code §§ 22250-22259.

19. BLC is not an exempt preparer under California law.

20. BLC prepared certain tax paperwork on behalf of Plaintiffs to help Plaintiffs obtain an Employee Retention Credit, including by completing and filing IRS tax forms on behalf of

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

Plaintiffs. BLC's tax work was undertaken in violation of California law, and consequently, BLC is prohibited from collecting payment.

21. Pursuant to California law, Business and Professions Code section 22257, "If a tax preparer fails to perform a duty specifically imposed upon him or her pursuant to this chapter, any person may maintain an action for enforcement of those duties or to recover a civil penalty in the amount of one thousand dollars ($1,000), or for both enforcement and recovery." Additionally, "In an action to enforce these duties or to recover civil penalties, or for both enforcement and recovery, the prevailing plaintiff shall be entitled to reasonable attorney's fees and costs, in addition to the civil penalties provided under subdivision (a)."

22. Further, violations of the CTEC requirements are a criminal act: "A person who violates a provision of this chapter is guilty of  a misdemeanor, which offense is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail for not more than one year, or by both." Bus. and Prof. Code § 22256.

23. BLC is not entitled to violate California law and commit a criminal act, and concurrently maintain that it is entitled to collect a commission for its illegal work, along with monthly interest accruals on top of the commission.

24. Without proper licensure and registration, BLC is prohibited from collecting any fee for tax preparation services. Not until October 2026, did Plaintiffs discover that Plaintiff is not properly licensed or registered to prepare tax returns, in either California or Maryland. The underlying Agreement's non-circumvention provision, which provides that Defendant is entitled to its 30% commission if Plaintiffs hire or consult with anyone else, prevented Plaintiffs from seeking independent review of Defendant's work. Of course, Defendant never disclosed to Plaintiffs that it lacked proper licenses or registrations necessary to do the tax preparation work that it claimed it was able to do.

25. BLC is obligated to disgorge its illegally collected commissions and fees. BLC has illegally collected at least $227,663.82 from Plaintiffs.

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

**FIRST CAUSE OF ACTION**

**Fraud**

26. Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Plaintiffs and BLC entered into the Agreement under the terms of which BLC agreed to provide tax consulting and preparation services in furtherance of assisting Plaintiffs in obtaining Employee Retention Credits. In doing so, Plaintiffs reasonably relied upon BLC's representations that it was lawfully able to provide such services.

28. BLC's Agreement includes non-circumvent provisions designed to prevent Plaintiffs from consulting any other tax professionals, which prevented Plaintiffs from discovering that BLC was not lawfully permitted to prepare tax forms on behalf of Plaintiffs in exchange for a fee.

29. BLC represented that lawful services would be provided, including the preparation of tax forms in furtherance of obtaining Employee Retention Credits. BLC's representations were false, and BLC was not lawfully permitted to prepare any tax forms on behalf of Plaintiffs.

30. BLC has harmed Plaintiffs by roping them into an unlawful commission scheme whereby tax credits are re-directed to BLC, to the detriment of Plaintiffs, without a reasonable prospect of allowing the Plaintiffs an opportunity to solicit a second opinion as to the amount or merit of the Employee Retention Credit that Plaintiffs applied for.

31. When BLC made these representations to Plaintiffs, BLC knew them to be false, or BLC was reckless in not knowing them to be false and made the representations to deceive and defraud Plaintiffs, and to induce Plaintiffs to enter into the contract and make payments to BLC.

32. Plaintiffs, at the time of the representations, were ignorant of the falsity of the representations and believed them to be true. Plaintiffs have been harmed by BLC's misrepresentations and illegal actions.

33. Had Plaintiffs known the actual facts and law, they would not have entered into the Agreement with BLC, nor agreed to pay BLC any money.

34. As a direct and proximate result of BLC's misrepresentations, Plaintiffs have suffered damages in an amount to be proven at trial.

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

35. Plaintiffs are informed and believe and based thereon allege that BLC's actions in connection with the above-described fraud were undertaken with fraud, oppression, and malice, and with the intent of depriving Plaintiffs of their rights and property, thus justifying an award of punitive and exemplary damages against BLC in a sum according to proof.

**SECOND CAUSE OF ACTION**

**Unfair Business Practices: Violation of California Business and Professions Code Section 17200 et seq.**

36. Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. California Business and Professions Code § 17200 prohibits any unlawful, unfair or fraudulent business act or practice.

38. By committing the conduct alleged herein, including without limitation providing tax preparation services without proper licenses and registrations, including but not limited to the preparation of tax forms for filing with the IRS to enable Plaintiffs to seek an ERC refund, BLC acted in violation of California law.

39. Plaintiffs are direct victims of the prohibited acts by BLC described herein. Plaintiffs have and will continue to lose both money and property as a result of the same.

40. Defendant BLC knowingly and intentionally engaged in the conduct described in this Count (and as incorporated by reference), including, without limitation the illegal preparation of tax documentation without proper licensure or registration, and the choice of foreign law provisions in order to illegally benefit themselves.

41. Absent injunctive and other relief available under the unfair competition statute, Plaintiffs will continue to suffer actual and irreparable harm, including the illegal deprivation of their rights as California citizens.

42. By this Complaint, Plaintiffs seek recovery of their actual economic damages as well as an order of this Court enjoining BLC from continuing to engage in conduct rendered illegal by the unfair competition statute.

43. Plaintiffs are informed and believe that other California-based clients of BLC are

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

suffering and will continue to suffer the same or substantially similar actual and irreparable harm absent injunctive and other relief available under the unfair competition statute.

44. BLC never timely told Plaintiffs that its commission scheme was void under California law because BLC lacked proper licensure and registration required to prepare tax documentation.

45. For the foregoing reasons, BLC's conduct constitutes an unfair and unlawful business practice in violation of California Business and Professions Code § 17200 and must be restrained.

46. Plaintiffs also seek a determination that the Agreement is void and unenforceable.

47. Plaintiffs also seek preliminary and permanent injunctive relief prohibiting BLC from any further attempts to enforce these provisions, as well as statutory damages, and reasonable attorney's fees as authorized by statute.

**<u>THIRD CAUSE OF ACTION</u>**

**<u>Declaratory Relief</u>**

48. Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 47 of this Counterclaim as if fully set forth herein.

49. There is a present and actual controversy between Plaintiffs and BLC regarding the Plaintiffs' purported obligations to pay a commission, or any penalties due to claimed non-payment.

50. California law requires anyone who, for a fee or for other consideration, assists with or prepares tax returns for another person or who assumes final responsibility for completed work on a return and is not an exempt preparer to register as a tax preparer with the California Tax Education Council, and maintain a bond.

51. BLC is not an exempt preparer under California law.

52. BLC prepared certain tax paperwork on behalf of Plaintiffs to help Plaintiffs obtain an Employee Retention Credit. BLC's tax work was undertaken in violation of California law, and consequently, BLC is prohibited from collecting payment, or any commissions, for its purported tax preparation work.

53. Plaintiffs seek a declaration that the contract is illegal and otherwise void, and that Plaintiffs have no duty to pay any fees or commissions to BLC, and that BLC is obligated to disgorge all commissions and payments it has received from Plaintiffs.

**FOURTH CAUSE OF ACTION**

**Violation of Bus. And Prof. Code Section 22250 Et. Seq.**

54. Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 53 of this Counterclaim as if fully set forth herein.

55. Pursuant to California law, Business and Professions Code section 22257, "…any person may maintain an action for enforcement of those duties or to recover a civil penalty in the amount of one thousand dollars ($1,000), or for both enforcement and recovery."

56. Plaintiffs are entitled to recover civil penalties: "In an action to enforce these duties or to recover civil penalties, or for both enforcement and recovery, the prevailing plaintiff shall be entitled to reasonable attorney's fees and costs, in addition to the civil penalties provided under subdivision (a)."

57. Further, violations of the CTEC requirements are a criminal act: "A person who violates a provision of this chapter is guilty of a misdemeanor, which offense is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail for not more than one year, or by both." Bus. and Prof. Code § 22256. BLC is not entitled to violate California law and commit a criminal act, and maintain that it is entitled to collect a commission, along with monthly interest accruals on top of the commission.

58. For the foregoing reasons, BLC's conduct constitutes an unfair and unlawful business practice in violation of California law, and as such the Agreement is void and unenforceable.

59. Plaintiffs seek preliminary and permanent injunctive relief prohibiting BLC from any further attempts to enforce these provisions, as well as statutory damages, and reasonable attorney's fees as authorized by statute.

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against BLC, and Does 1 through 10 inclusive, as follows:

(a) For compensatory damages, in an amount to be determined at trial, but not less than the amount necessary to restore Plaintiffs' losses, plus interest thereon;

(b) For disgorgement of all commissions and fees paid to BLC in violation of applicable law;

(c) For civil penalties and statutory damages in a sum to be determined at trial;

(d) For attorney's fees as allowed by contract and/or statute;

(e) For costs;

(f) For prejudgment and post-judgment interest;

(g) For a judicial declaration cancelling Plaintiffs' obligations under the Agreement;

(h) For such other and further relief as the Court may deem just and proper.

DATED: October 19, 2026

TARTER KRINSKY & DROGIN LLP

By: *\/s/ Tyler R. Dowdall*

TYLER R. DOWDALL, SBN. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, SBN. 227713
*rguidry@tarterkrinsky.com*

*Attorneys for Plaintiffs* OAKLYFE LLC, a California limited liability company; COMMUNITY HEALTH SOLUTIONS INC., a California corporation; ECWC PARTNERS INC., a California corporation; BRYANT WELLNESS PARTNERS INC., a California corporation; and NUG INC., a Nevada corporation

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: October 19, 2026

*/s/ Tyler R. Dowdall*
Tyler R. Dowdall